Florent GASHI, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

Nos. 06–5662–ag(L), 07–3445–ag(Con).

United States Court of Appeals, Second Circuit.

Jan. 9, 2009.

James D. Christo, Christo & Associates, P.C., New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Emily Anne Radford, Assistant Director; John W. Blakeley, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Florent Gashi, a native of Kosovo, seeks review of a November 15, 2006 order of the BIA affirming the April 28, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Florent Gashi*, No. A 98 642 331 (B.I.A. Nov. 15, 2006), *aff'g* No. A 98 642 331 (Immig. Ct. N.Y. City Apr. 28, 2005). Additionally, Gashi seeks review of a July 13, 2007 order of the BIA denying his motion to reopen. *In re Florent Gashi*, No. A 98 642 331 (B.I.A. July 13, 2007). We assume the parties' familiarity with the underlying facts and procedural history.

I. Gashi's Petition for Review from the BIA's Final Removal Order

A. The IJ's Finding of Changed Circumstances in Kosovo

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir.2007). We review de novo questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

Petitioners must exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), and must raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). The issue exhaustion requirement is "mandatory." *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 121–22, 124 (2d Cir.2007).

The IJ found that Gashi demonstrated past persecution based on the events that occurred before and during the war in Kosovo, but that conditions had changed "so substantially" that the pre-

sumption of a well-founded fear of persecution had been rebutted.[1] Gashi's brief asserts that the State Department report relied on by the BIA does not automatically rebut the presumption of a well-founded fear of persecution. However, Gashi's counsel failed to raise any such argument before the BIA. Thus, because Gashi failed to exhaust his administrative remedies with respect to the IJ's changed circumstances finding, we decline to consider Gashi's argument. *Cf. Steevenez v. Gonzales,* 476 F.3d 114 (2d Cir.2007).

### B. Humanitarian Asylum

An applicant who demonstrates compelling reasons for being unwilling or unable to return by reason of the severity of the past persecution may be granted asylum as a matter or discretion, notwithstanding the lack of a well-founded fear of persecution. 8 C.F.R. § 1208.13(b)(1)(iii)(A). "Humanitarian asylum" has been reserved for applicants who have suffered "atrocious forms of persecution," *Matter of Chen,* 20 I. & N. Dec. 16, 19–20 (B.I.A.1989), resulting in "long-lasting physical or mental effects." *See Omaro Jalloh v. Gonzales,* 498 F.3d 148, 151 (2d Cir.2007). We review the agency's determination regarding humanitarian asylum for substantial evidence. *See, e.g., id.* at 151–52.

■ Substantial evidence supports the IJ's determination that Gashi's persecution was "not of the severe type of persecution envisioned or dealt with in *Matter of Chen,* [20 I. & N. Dec. 16]." The record reflects

that the IJ considered Gashi's testimony that he experienced flashbacks of his imprisonment and the killings he witnessed while attempting to flee Kosovo. In *Omaro Jalloh,* we did not specify the nature of evidence required to show "long-lasting mental or physical effects." 498 F.3d at 152. But Gashi's bare assertions do not compel us to reach a conclusion contrary to that of the agency. *See* 8 U.S.C. § 1252(b)(4)(B).

### II. Gashi's Petition for Review from the BIA's Denial of his Motion to Reopen

The BIA's denial of a motion to reopen is reviewed for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Here, the BIA did not abuse its discretion in denying Gashi's motion to reopen.

■ It is undisputed that Gashi's motion was untimely. *See* 8 C.F.R § 1003.2(c)(2). In addition, the BIA properly found that Gashi failed to demonstrate that his prior counsel provided ineffective assistance that prejudiced his claim. *See, e.g., Esposito v. INS,* 987 F.2d 108, 111 (2d Cir.1993). Gashi's brief argues that he was prejudiced by his lawyer's failure to conduct a psychological evaluation prior to his merits hearing. However, Gashi's motion to reopen included a psychological evaluation by Doctors of the World, and the BIA considered it, but concluded that the evaluation did not justify a grant of humanitarian asylum. Gashi does not now challenge that conclusion, and Gashi fails to establish

---

1. The Government argues that the Court should deny Gashi's petition for review because substantial evidence supports the IJ's adverse credibility determination with respect to the events that occurred after the war in Kosovo. However, that determination was not dispositive, given that the IJ found that Gashi had credibly demonstrated past persecution—thereby entitling him to a rebuttable presumption of a well-founded fear of persecution. 8 C.F.R. § 1208.13(b)(1). Instead, the dispositive bases for the agency's decision were its holdings that: (1) a fundamental change in circumstances had occurred in Kosovo which rebutted that presumption, *see* 8 C.F.R. § 1208.13(b)(1)(i)(A); and (2) Gashi did not merit humanitarian asylum based solely on his past persecution, *see Matter of Chen,* 20 I. & N. Dec. 16, 19–20 (B.I.A.1989).

that the result in his case would have been different had his prior attorney submitted a psychological evaluation. *See id.* Under these circumstances, the BIA did reopen. *See Kaur,* 413 F.3d at 233. Accordingly, we need not reach his additional argument that he demonstrated due diligence in pursuing his claim.

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).